IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No.  02-cv-435-WDM-MJW

THE CENTER FOR BIOLOGICAL DIVERSITY, et al.,

     Plaintiffs,

v.

GALE NORTON, et al.,

     Defendants.

---

## ORDER ON SECOND MOTION TO DISMISS

---

Miller, J.

     This matter is before me on Defendants' motion to dismiss Plaintiffs' amended complaint for lack of standing.  Plaintiffs oppose the motion.  Upon consideration of the parties' written arguments, I conclude oral argument is not required.  For the reasons that follow, the motion will be granted.

### Background

     I issued an order on September 30, 2003, granting Defendants' original motion to dismiss and dismissing the complaint for lack of standing.  I later permitted Plaintiffs to file an amended complaint, which they did on December 22, 2003.  The pertinent facts and law of the case, which are not altered by the amendments to the complaint, are set forth in my September 30 order.

     The Plaintiffs are the Center for Biological Diversity, Colorado Rivers Alliance, and Taxpayers for the Animas, all nonprofit corporations.  Defendants are Gale

Norton, Secretary of the Department of the Interior; the Bureau of Land Management (BLM); and Kathleen Clarke, Director of the BLM.  Plaintiffs seek declaratory and injunctive relief based upon claims that Defendants: (1) failed to make specific studies and investigations regarding potential additions to the system established by the Wild and Scenic Rivers Act (WSRA or the Act), 16 U.S.C. §§ 1271-1287, in violation of 16 U.S.C. § 1276(d)(1); and (2) failed to give consideration to potential wild and scenic river areas in planning for the use and development of water and related land resources, in violation of 16 U.S.C. § 1276(d)(1).[1]  Plaintiffs allege these actions or omissions constitute "agency action unlawfully withheld or unreasonably delayed" and were clearly "arbitrary and capricious, an abuse of discretion, and not in accordance with law."  5 U.S.C. § 706.

Defendants move to dismiss the amended complaint for lack of jurisdiction, arguing that Plaintiffs continue to lack Article III standing because they failed to identify any injury in fact.  Again, I agree with defendants on this issue and therefore do not reach the parties' remaining issues.

<u>Discussion</u>

The legal standards set forth in my previous order remain applicable.  As the parties invoking federal jurisdiction, Plaintiffs bear the burden of establishing the

---

[1]     The WSRA does not authorize citizen suits for judicial enforcement. Plaintiffs bring this lawsuit pursuant to the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706.

following:

> (1) that the plaintiffs have suffered an 'injury in fact–an invasion of a
> judicially cognizable interest which is (a) concrete and particularized and
> (b) actual or imminent, not conjectural or hypothetical; (2) that there is a
> causal connection between the injury and the conduct complained
> of–the injury must be fairly traceable to the challenged action of the
> defendants, and not the result of the independent action of some third
> party not before the court; and (3) that it is likely, as opposed to merely
> speculative, that the injury will be redressed by a favorable decision.

*Utah v. Babbitt*, 137 F.3d at 1202 (quotations and alterations omitted).

Because the WSRA does not provide for a private right of action, Plaintiffs bring their claims under the judicial review provisions of the APA. "Consequently, in addition to the Article III standing requirements, Plaintiffs must also . . . show there has been some 'final agency action' and must 'demonstrate that [their] claims fall within the zone of interests protected by the statute forming the basis of [their] claims.'" *Id.* at 1203 (quotation omitted; alterations in quoted material).

Where standing is raised in the context of a motion to dismiss, I must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the Plaintiffs. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996). I presume that "general allegations embrace those specific facts that are necessary to support the claim," and that "general factual allegations of injury resulting from the defendant's conduct may suffice." *Utah v. Babbitt*, 137 F.3d at 1204 (quotations omitted).

The element of injury in fact is the core issue in this motion to dismiss. In their

amended complaint, which identifies specific rivers not included in the original complaint, Plaintiffs allege that they, their staff, and their members, have "real, concrete biological, health, educational, scientific research, moral, spiritual and recreational interests in the rivers and streams" at issue, a "real concrete interest in using and enjoying the free-flowing wild nature of [those] rivers and streams," and "a real, concrete interest in obtaining protective management for [those] free-flowing rivers and streams[.]" Amended Complaint, ¶¶ 15, 16.  The adjectives "real" and "concrete" were not in the original complaint, and the alleged interests in "using and enjoying the free-flowing wild nature" of the streams and in "obtaining protective management" for them, albeit perhaps implied in the original complaint, are now expressly claimed.  Further, the amended complaint now asserts that there is an increased risk that the BLM will take future actions that will harm the rivers and streams.  *See, e.g.*, Amended Complaint, ¶ 20.

Plaintiffs' expansion of the interests they claim are affected by Defendants' alleged failures to comply with the WSRA does not cure the defect of lack of standing of their original complaint.  As Defendants point out in their motion to dismiss, I concluded that the problem with the original complaint was not a failure to allege concrete interests but rather the failure to "allege a perceptible harm or injury in fact to those interests."  September 30 order, at 10.  Plaintiffs' amended complaint simply does not demonstrate that "they are 'immediately in danger of sustaining some direct injury' as a result [of defendants' conduct] and that the threat of injury is 'real and

4

immediate, not conjectural or hypothetical.'" *Utah v. Babbitt*, 137 F.3d at 1212 (quotation omitted).  As before, Plaintiffs do not allege any deterioration of the river areas; any consequent injury, real or threatened; or even any past harm likely to recur.

The allegations that there are increased risks that the BLM will take future actions that may result in harm to the rivers and streams are too speculative to create an injury in fact.  Accepting Plaintiffs' allegations as true for this Rule 12(b) motion to dismiss, I find Plaintiffs do not identify any concrete injury or claim that they face an immediate danger of direct injury that is "real and immediate, not conjectural or hypothetical." *Utah v. Babbitt*, 137 F.3d at 1205, 1212.

Finally, Plaintiffs' amended complaint still, at its essence, alleges that Defendants have failed to comply with the WSRA.  "[T]he mere allegation that Defendants are acting without authority or in violation of the law is insufficient to establish standing." *Id*. at 1205.  *See also id*. ("The Supreme Court 'has repeatedly held that an asserted right to have the Government act in accordance with [the] law is not sufficient, standing alone, to confer jurisdiction on a federal court'") (quotation omitted; first alteration added).

As I previously observed in my September 30, 2003 order, and even after amending their complaint, Plaintiffs still fail to allege a perceptible harm or injury in fact to their alleged interests in eligible wild and scenic rivers resulting from Defendants' inaction, as required by *United States v. SCRAP*, 412 U.S. 669, 688-89 (1973).  The cases upon which Plaintiffs rely are distinguishable because they involve

allegations of specific harm resulting from particular government action or inaction.

*See, e.g., Sierra Club v. United States Dep't of Energy*, 287 F.3d 1256, 1265-66 (10th Cir. 2002) (allegation that road permit granted without following NEPA procedures threatened specific wetlands); *Comm. to Save the Rio Hondo v. Lucero*, 102 F.3d 445, 450 (10th Cir. 1996) (allegation that summertime permit would result in increased river water consumption, among other things).  In contrast, the amended complaint contains no allegations that any agency action or inaction may cause any concrete harm to any river mentioned.  As a consequence, Plaintiffs have failed to properly allege an injury in fact for purposes of Article III standing.

Accordingly, it is ordered:

1.    Defendants' motion to dismiss, filed March 4, 2004, is granted.

2.    This case is dismissed for lack of jurisdiction.

3.    Defendants may have their costs.

DATED at Denver, Colorado, on August 17, 2005.

BY THE COURT:


/s/ Walker D. Miller
United States District Judge